UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITDON GIPSON,<br><br>    Plaintiff,<br><br>v.<br><br>T. ASCENCIO, et al.,<br><br>    Defendants. | Case No. 22-cv-09054 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

    Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officers at San Quentin State Prison ("SQSP"). Dkt. No. 1. On April 27, 2023, the Court screened the complaint and found it stated a cognizable claim under the Eighth Amendment again Defendants Ascencio, Mora, and Dossman-Perez. Dkt. No. 11 at 2. However, there were no factual allegations against named Defendant Officer C. Casillas. Id. Accordingly, Plaintiff was directed to file an amended complaint to correct this deficiency or file notice that he wishes to proceed solely on the cognizable claim against the other Defendants. Id. at 3. Failure to do so would result in this action proceeding solely on the cognizable claims against Defendants Ascencio, Mora, and Dossman-Perez, and Defendant Casillas being dismissed from this action without further notice to Plaintiff. Id.

The time to respond to the court order has passed, and Plaintiff has filed no response. Accordingly, this matter shall proceed solely on the cognizable claim against Defendants Ascencio, Mora, and Dossman-Perez.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In the initial screening order, the Court found the complaint stated the following cognizable claim:

> Plaintiff claims that on October 24, 2021, he was violently assaulted by his cell mate who caused serious injuries. Dkt. No. 1 at 4-9. Plaintiff claims that Defendants Ascencio, Mora, and Dossman-Perez were aware that this inmate was "mentally disturbed and had violent tendencies" when they placed him in Plaintiff's cell. Id. at 3. Plaintiff claims Defendants were deliberately indifferent when they placed his life in danger, in violation of the Eighth Amendment. Id. at 6-7. These allegations are sufficient to state an Eighth Amendment claim based on Defendants' failure to protect Plaintiff from attacks by other inmates or from dangerous conditions. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015).

2

Dkt. No. 11 at 2. Accordingly, this action shall proceed solely on these claims against Defendants Ascencio, Mora, and Dossman-Perez.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed solely on the Eighth Amendment claim against Defendants Ascencio, Mora, and Dossman-Perez. Defendant Carlos Casillas is DISMISSED from this action as there are no cognizable claims against him. The Clerk shall terminate Defendant Casillas from this action.

2. The following Defendants shall be served at SQSP:

**a. Correctional Officer T. Ascencio**

**b. Correctional Officer E. mora**

**c. Correctional Officer L. Dossman-Perez**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has <u>not</u> waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.   No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b.   **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. <u>See</u>

Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**   June 16, 2023

EDWARD J. DAVILA
United States District Judge